**SO ORDERED.**

**SIGNED this 17th day of July, 2014.**



_____
Janice Miller Karlin
United States Bankruptcy Judge
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

IN RE:  CASEY RAY POLLARD                          CHAPTER 13
                                                   CASE NO. 14-40231
                                                   BAR DATE: 07/16/2014

**ORDER CONFIRMING PLAN**

 The Court has determined that the Debtor's Plan meets the confirmation requirements of Chapter 13 of Title 11 of the United States Code.  The Court finds that the Plan is confirmed as Last Modified, and ORDERS:

1.  **PAYMENTS.**  Debtors employer shall make MONTHLY payments of $510.00, as required by the Plan as confirmed to: JAN HAMILTON, TRUSTEE, PO BOX 2159, TOPEKA, KS 66601-2159.  If Debtor's employer is required to make the Plan payment but does not, then Debtor is ultimately responsible to timely make all Plan payments.

2.  **DEBTOR ULTIMATE RESPONSIBILITY FOR PLAN PAYMENTS.**     If Debtor's employer is not ordered to the Trustee and if Debtor does not make timely payments, the Trustee may request, and the Court may order, without further notice, Debtor's employer to make such payments to the Trustee.

3.  **CHANGE OF ADDRESS OR EMPLOYMENT.**  Debtor shall immediately notify the Court and the Trustee in writing, of any change of address or any change in employment.  Notice of a change in employment shall include the name and appropriate mailing address for the payroll department of the new employer.

4.  **INCURRING POST-PETITION DEBT.**     DEBTOR SHALL NOT INCUR ANY ADDITIONAL DEBTS DURING THE PENDANCY OF THE PLAN WITHOUT PRIOR APPROVAL BY THE COURT OR THE TRUSTEE, EXCEPT DEBTS THAT MAY BE NECESSARY FOR THE PROTECTION AND PRESERV-ATION OF LIFE, HEALTH OR PROPERTY, SUCH AS FOOD, CLOTHING, LODGING OR MEDICAL CARE FOR DEBTOR OR FAMILY.

5.  **DISPOSAL OF PROPERTY.**     During the pendency of this case, Debtor is enjoined and prohibited from selling, encumbering, or in any manner disposing of assets without prior order of the Court, except as required in the course of Debtor's business, if Debtor is engaged in business.

6.  **TAX RETURNS.**  Debtor shall timely file all tax returns that become due during the pendency of this case, and provide a copy to the Trustee at the same time the return is filed, if requested by the Chapter 13 Trustee.

7.  **LENGTH OF PLAN.**  Nothing in the Plan shall be construed to permit a below median income debtor to receive a discharge before three years, or an above median debtor before five years.

8. **MORTGAGE DEFAULTS.** The amount of the pre-petition mortgage note arrearage, if any, as specified in real estate creditor's proof of claim, shall govern, unless the amount is specifically controverted in the Plan or by an objection to the claim as requested by D. Kan. LBR 3015(b).1. Creditors will be bound by the interest rate stated in the plan, unless modified by a separate order.

If Debtor pays the pre-petition arrearage as determined in the foregoing paragraph, together with interest, if any, as specified in the plan, all pre-petition defaults will be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

No real estate creditor shall ever assess, charge or collect, from either the debtor or the real estate collateral any assesments, fees, costs, expenses or any other monetary amounts, exclusive of principal, interest, taxes and insurance, that arose from the date of filing of the bankruptcy petition to the entry of the Order of Discharge except as may be allowed by the court order or an allowed proof of claim.

9. **PAYMENTS TO UNSECURED CREDITORS.** The amount to be paid to unsecured creditors, in an above median case, shall be determined in accordance with Line 58 of B22C or an order of the Court to the contrary. Confirmation of the Plan is without prejudice to the Trustee, Debtor or other party in interest seeking a modification of that amount based upon the actual claims filed for pertinent obligations, such as domestic support obligations or tax liability. Additionally, a recalculation of the pool to be paid to the unsecured creditors may be altered by the actual amounts of the plan payment and the trustee fees. Any further items to be paid from the pool will occur only upon the entry of a Court order after a motion with a notice of opportunity for hearing.

10. **CONFIRMATION OBLIGATIONS.** Confirmation of this plan is a finding that the Debtor has complied with all of the applicable provisions of 11 U.S.C. Subsections 1322 and 1325 and that Debtor has fulfilled all preconfirmation obligations under 11 U.S.C. section 521.

11. **NOTICE PROVIDED.** The Court finds that written notice of the confirmation hearing has been given by mail to all creditors and interested parties as shown by Debtor's schedules filed herein, which notice is hereby approved.

12. **TRUSTEE FEE.** The Trustee is authorized to deduct a floating percentage fee up to the statutory allowed maximum of the amount paid in under the Plan, as an administrative fee.

13. **VESTING.** Assets of the estate vest in the Debtor at Discharge or Dismissal.

14. **Additional provisions of this plan are as follows:**
    Confirmed at $510.00 per month

###

Prepared and Approved By:                                                 Date Confirmed: June 25, 2014
 s/ - JAN HAMILTON, TRUSTEE                            FG25/DN